**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenessa Dubey, | No. CV-22-02044-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Concentric Healthcare Solutions LLC, et al., | |
| Defendants. | |

Defendants Concentric Healthcare Solutions LLC and Robert Bales ("Defendants") have filed a Motion for Sanctions against Plaintiff Jenessa Dubey ("Plaintiff"). (Doc. 65). Defendants seek to exclude Plaintiff's newly disclosed expert witness, arguing that her disclosure was untimely. (*Id*. at 1–2). The matter is full briefed. (Docs. 67, 73). The Court denies Defendants' Motion for the following reasons.

**I.    Background**

Plaintiff started working for Defendant Concentric in 2016 and received various promotions throughout her tenure there. (Doc. 1 at ¶ 9). Plaintiff alleges that, upon being promoted to the "Director of Per Diem Staffing" in 2019, she began to suffer abuse at work. (*Id*. at ¶¶ 11–34). For instance, Plaintiff alleges that she was sexually assaulted and harassed by one of Concentrics's owners: Christopher Bollinger at a company holiday party. (*Id*. at ¶ 11). Plaintiff alleges that Mr. Bollinger "complimented her physical appearance and attractiveness and put his hand on [Plaintiff's] knee while another hand touched the top of her thigh. As Bollinger leaned in to attempt to kiss [Plaintiff], his assault was interrupted by a coworker who interjected." (*Id.*) She also alleges that, after Defendant

Bales was promoted to Vice President of Operations, he began to harass and undermine Plaintiff in an effort to drive her from the company and take her business for himself. (*Id.* at ¶ 12).

These alleged abuses Plaintiff suffered caused her health problems, so, she requested Family Medical Leave Act ("FMLA") leave for a serious health condition on November 4, 2021. (*Id.* at ¶ 27). This request was approved through November 20th. (*Id.*) Upon her return, Defendant Bales told her he had reorganized her division and relieved her of many of the important functions of her position—which impacted her earnings potential. (*Id.* at ¶ 28). The next day, Plaintiff emailed the Crisis Prevention Institute ("CPI") and reported that Defendant Concentric was violating CPI's certification procedures provided to nurses. (*Id.* at ¶ 32). CPI's in house counsel responded to Plaintiff on December 2, 2021, and pledged to investigate her reported violations. (*Id.* at ¶ 34). Plaintiff was terminated "within hours" of this email from CPI. (*Id.*)

Due to the above alleged misconduct, Plaintiff has brought claims against Defendants for: (1) Failure to Pay Wages in Violation of A.R.S. § 23-353 (*id.* at ¶¶ 34–39); (2) Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (*id.* at ¶¶ 40–47); (3) Sexual Harassment in Violation of Title VII (*id.* at ¶¶ 48–51); (4) Intentional Infliction of Emotional Distress (*id.* at ¶¶ 52–57); (5) Negligent Infliction of Emotional Distress (*id.* at ¶¶ 58–64); (6) Interference in violation of the FMLA (*id.* at ¶¶ 65–71); (7) Retaliation in violation of the FMLA (*id.* at ¶¶ 72–77); and (8) Termination in Violation of Public Policy (Whistleblower) (*id.* at ¶¶ 78–83). Counts 3, 4 and 5 are alleged against both Defendant Concentric and Defendant Bales. The rest are brought against Defendant Concentric only.

The current dispute has to do with the alleged untimely disclosure of Plaintiff's expert witness: Nathaniel Curtis, CFO, MBA ("Mr. Curtis"). (Doc. 65). Mr. Curtis has been retained by Plaintiff to "calculate her lost earnings resulting from Defendants' alleged actions." (Doc. 65-7 at 4).

The Court issued its Scheduling Order under Federal Rule of Civil Procedure 16[1] on February 22, 2023. (Doc. 15). This Order originally set the parties' fact discovery deadline as December 1, 2023, and Plaintiff's expert disclosure deadline as September 8, 2023. (*Id*. at 2–3). The Court subsequently granted extensions of time to both the fact discovery and expert discovery deadlines. (Docs. 22, 49). Plaintiff's expert disclosure deadline was extended to October 9, 2023, her rebuttal expert deadline was extended to November 29, 2023, and the parties' fact discovery deadline was ultimately extended to February 29, 2024. (Doc. 22 at 1; 49 at 3).

On January 8, 2024, after Plaintiff's expert disclosure deadlines passed, and without leave from the Court, Plaintiff disclosed Mr. Curtis as her "expert and rebuttal expert" under Rule 26(a). (Doc. 65-6). Defendants argue that this expert disclosure was untimely and ask the Court to "prohibit Plaintiff from using (1) [Mr.] Curtis 'to supply evidence on a motion, at a hearing, or at a trial' and (2) Mr. Curtis's damage computation" under Rules 37(c) and 16(f). (Doc. 65 at 1).

## II.  Legal Standards

### A.  Rule 26 Disclosures

Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made according to the deadlines set by the Court. *Id*. at 26(a)(2)(D). Absent a stipulation or court order, the disclosures must be made: "(i) at least 90 days before the date set for trial or for the case to be ready for trial;" or "(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." *Id*. at 26(a)(2)(D)(i)–(ii). Rule 26(a) also requires "a computation of each category of damages" be provided in a party's initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii). This computation of damages enables the defendant to understand the contours of its liability exposure and, by extension, to make

---

[1] All references to "Rules" hereinafter are in reference to the Federal Rules of Civil Procedure, unless stated otherwise.

informed decisions regarding settlement.[2]  *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009).

"While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Cir., Inc*., 278 F.R.D. 586, 593 (D. Nev. 2011). The disclosing party also has a duty to supplement incomplete or inaccurate disclosures "in a timely manner." Fed. R. Civ. P. 26(e).

### B.   Rule 16(f) and 37(c)(1) Sanctions

Under Rule 16(f), a court may issue "any just orders" where "a party or party's attorney fails to obey a scheduling or pretrial order." Fed. R. Civ. P. 16(f). The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). Whether to issue sanctions under Rule 16(f) is left to the sound discretion of the district court. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990) (citing *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir.1986)).

Rule 37(c)(1) provides that the Court may sanction a party who fails to comply with the requirements of Rule 26(a)(2)(B) so that they are "not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of this sanction, the Court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions

---

[2] Plaintiff's damages computation was estimated at $5,626,000.00 in her initial disclosures for loss of commission, lost wages, pain and suffering and harm to her reputation. (Doc. 65-1 at 6). Now, Mr. Curtis estimates her lost earnings resulting from Defendants bad acts to be $5,400,000.00 as well as a loss of commission of $17,000.00 for a total of $5,417,000.00. (Doc. 65-7 at 3). Mr. Curtis calculated the "present value" of Plaintiff's lost earnings by "constructing a 'But-For' Scenario that assumes the Bad Acts did not happen and the 'Actual' Scenario which models [Plaintiff's] actual compensation after the Bad Acts resulted in her employment separation." (*Id*. at 5).

Fed. R. Civ. P. 37(c)(1)(A)–(C).

"Rule 37(c) 'gives teeth' to the requirements of Rule 26(a) . . . so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1)." *Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 394207, *6 (D. Nev. Jan. 29, 2013) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The exclusion sanction is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs.*, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008). However, "[i]n practice, exclusion sanctions are generally limited to 'extreme situations,' " so, "[c]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (citations omitted).

Rule 37(c)(1) does not, however, strip the district courts of discretion to allow expert testimony in appropriate circumstances; to the contrary, it contains an express exception under which a failure to timely serve an expert report may be excused if the failure was "substantially justified" or is "harmless." *Yeti by Molly*, 259 F.3d at 1106–07. "If either exception is established, the imposition of exclusion sanctions is not proper." *Silvagni*, 320 F.R.D. at 242 (citing Fed. R. Civ. P. 37(c)(1)). "The party requesting sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements established in Rule 26." *Silvagni*, 320 F.R.D. at 241. If this failure to comply with Rule 26 is established, the burden shifts to the party facing exclusion of its expert's testimony to prove the delay was justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

**III.   Discussion**

Defendants argue that the Court should exclude Mr. Curtis' expert opinions as a sanction for Plaintiff's late disclosure because it was not substantially justified or harmless. (Doc. 65 at 7–9). Defendants also argue that the Court should exclude Mr. Curtis under Rule 37(c), or in the alternative, Rule 16(f). (*Id.* at 7, 12). Plaintiff argues that there is substantial justification for the delay, that the delay is harmless, it was not willful or in bad

- 5 -

faith and that Defendant's unclean hands preclude sanctions.[3] (Doc. 67 at 12–16). She also argues that Defendants never attempted to meet and confer on this issue. (*Id*. at 11).

For the following reasons, the Court finds that the untimely disclosure of Mr. Curtis was harmless, so, the Court will not impose a sanction upon Plaintiff traditionally reserved for "extreme situations." *Silvagni*, 320 F.R.D. at 243. The Court will, however, in its discretion, impose the following sanction upon Plaintiff: Defendants will be allowed to re-depose Plaintiff and she must pay any fees or costs associated with this renewed deposition. Fed. R. Civ. P. 37(c)(1)(A).

### A.     Meet & Confer

As an initial matter, the Court must address Plaintiff's argument that Defendants did not meet or confer with her prior to bringing this motion—in violation of the Court's discover dispute procedures—and, as a result, their motion should be denied. (Doc. 67 at 11). Defendants contend that the Court's discovery dispute procedures are not applicable to motions for sanctions under Rules 37(c) or 16(f). (Doc. 65 at 1).

The Court's Second Amended Scheduling Order states that:

> The parties shall not file written ***discovery motions*** without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse.

(Doc. 49 at 5). As noted above, the Court's discovery dispute procedures apply to "written discovery motions." (*Id*.) So, the question before the Court is: whether this Motion for Sanctions is a "discovery motion" or not.

The Court concludes that it is not a "discovery motion." Indeed, as Defendants argue, Rule 37 "does not require the moving party to meet and confer with the opposing party prior to filing a motion for sanctions under Rule 37(b) or (c)." *McGee v. Eurpac*

---

[3] The Court does not address Plaintiff's unclean hands argument because it concludes that Plaintiff's untimely disclosure of Mr. Curtis is harmless under Rule 37(c).

- 6 -

*Servs., Inc.*, 2023 WL 3355690, at *3 (D. Nev. Mar. 31, 2023) (citing *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, at *3 (D. Nev. Dec. 16, 2010)). That is because a "motion under Rule 37(c) is not a 'discovery motion.' " *L.M.W. v. Arizona*, 2024 WL 3275188, at *2 (D. Ariz. July 1, 2024). Moreover, the Ninth Circuit has held that "[a]ny local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and [are], therefore, unenforceable." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Defendants filed this Motion seeking sanctions under Rule 37(c)(1), so, they were not required to meet or confer with Plaintiff. *See McGee*, 2023 WL 3355690, at *3.

### B. Timeliness

Next, the Court concludes that Plaintiff's disclosure of Mr. Curtis was untimely. Plaintiff's expert disclosure deadline was October 9, 2023. (Doc. 22). Plaintiff did not disclose Mr. Curtis as an expert in this matter until January 8, 2024, and thus, this disclosure was late. (*Id.*) The Court must now decide whether this untimely disclosure was substantially justified or is harmless, if not—the Court must exclude Mr. Curtis. Fed. R. Civ. P. 37(c)(1).

### C. Substantial Justification or Harmlessness

To determine whether a violation is substantially justified or harmless, courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Krause v. Cnty. of Mohave*, 459 F. Supp. 3d 1258, 1270 (D. Ariz. 2020) (citing *Carrillo v. B & J Andrews Ent., LLC*, 2013 WL 420401, at *3 (D. Nev. Jan. 13, 2013)). This is an equitable analysis entrusted to the Court's discretion. *See, e.g., Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). If substantial justification or harmlessness is established, exclusion is not a proper sanction. *See* Fed. R. Civ. P. 37(c)(1).

///

### 1. Prejudice or Surprise

Defendants argue that they have suffered prejudice because "(1) the deadline has already passed for Defendants to offer non-rebuttal expert witnesses and (2) Defendants were prevented from obtaining critical information from Plaintiff during her deposition." (Doc. 65 at 9). Defendants also aver that they would have retained additional, non-rebuttal experts if Plaintiff had timely disclosed Mr. Curtis and his opinions. (*Id*.) Defendants finally argue, as to prejudice, that the Court would have to allow Defendants to re-depose Plaintiff and that it has expended time and attorneys' fees deposing her—which "constitutes prejudice and precludes a finding that Plaintiff's late disclosure of Mr. Curtis's expert report was harmless." (*Id*. at 12).

Plaintiff responds that Defendants "sat on their right to participate in discovery and did not seek *any* discovery from Plaintiff, let alone discovery pertaining to damages," until after their October 11, 2023 expert deadline had passed.. (Doc. 67 at 14). Plaintiff also argues that, by the time of her deposition, she had produced all documentary evidence that showed her damages, and that Defendants were free to question Plaintiff about all such discovery. (*Id*. at 15).

The Court finds that the untimely disclosure of Mr. Curtis as an expert and his report prejudices Defendant. An untimely disclosure prejudices an opposing party where it "places Defendants in the prejudicial position of having to make their responsive expert disclosures without any notice as to the specifics of [the expert's opinion] opinion." *Cable v. City of Phoenix*, 2013 WL 6532023, at *5 (D. Ariz. Dec. 13, 2013*), rev'd in part on other grounds by* 647 F. App'x 780 (9th Cir. 2016). Furthermore, an untimely disclosure creates "obvious prejudice" where the defendant has made "decisions regarding defense experts under the belief that [the plaintiff's] experts would not be testifying in her case-in-chief" and the defendant's experts had "developed their opinions and wrote their reports without knowing the scope of [the plaintiff's] expert's opinions." *Goodman*, 644 F.3d at 827. Similar to the above cases, Defendants have suffered prejudice by having to make a decision about their responsive expert disclosures without notice as to the specifics of

Mr. Curtis' expert opinion. *See Cable*, 2013 WL 6532023, at *5. Defendants aver that, if Plaintiff had made a timely disclosure of Mr. Curtis and his opinion, they would have had nearly two months to retain a vocational expert of their own to offer mitigation testimony. (Doc. 73 at 5; *see also* Doc. 49 at 1 ("Defendants' expert disclosures due by December 3, 2023.")). Defendants have also suffered prejudice by deposing Plaintiff without the benefit of Mr. Curtis' opinions.

### 2.   Ability to Cure the Prejudice

Next, the Court finds that there is still time to cure this prejudice because no trial date has been set and Plaintiff disclosed Mr. Curtis before the parties' fact discovery deadline had passed. *Cf. Yeti by Molly*, 259 F.3d at 1105 (affirming the district courts exclusion of the plaintiff's damages expert because they were disclosed 28 days before trial); s*ee also Silvagni*, 320 F.R.D. at 243 ("[c]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed."). To cure this prejudice, the Court will re-open a limited amount of discovery and extend the time for Defendants to retain a rebuttal expert witness, and allow the depositions of Mr. Curtis, the rebuttal expert, and, if necessary, Plaintiff, but only related to the expert opinions. *See McGee v. Eurpac Servs., Inc.*, 2023 WL 3355690, at *4 (D. Nev. Mar. 31, 2023) (finding that re-opening discovery cured the prejudice of an untimely expert disclosure).

### 3.   The Likelihood of Disruption at Trial

Likewise, because a trial date has yet to be set in this case, there is not a very strong likelihood of disruption at trial. *See Yeti by Molly*, 259 F.3d at 1105. Although Plaintiff's disclosure of Mr. Curtis' and his report were untimely, Plaintiff's disclosure has not caused any disruption in this case. *See e.g., Downs v. River City Grp., LLC*, 2014 WL 814303, at *8 (D. Nev. Feb. 28, 2014) (refusing to exclude an expert who was untimely disclosed because a trial date had not been scheduled yet, therefore, there was no apparent likelihood of disruption at trial). Thus, the Court finds that Plaintiff's untimely disclosure of Mr. Curtis does not present a likelihood of disruption as trial because no trial date has been set.

### 4. Bad Faith or Willfulness

Defendants assert that a finding of bad faith is not necessary to exclude evidence under Rule 37(c). (Doc. 73 at 2). Not so. Bad faith or willfulness is a factor which the Ninth Circuit has encouraged district courts to use when determining the appropriate sanction under Rule 37(c). *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) ("[a]mong the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are . . . (4) bad faith or willfulness involved in not timely disclosing the evidence."); *see also Silvagni*, 320 F.R.D. at 242 ("willfulness or bad faith is a factor in deciding the appropriate level of sanction to impose."). So, the Court will address this factor—as the Ninth Circuit encourages—and because it is consistently used by district courts asked to exclude evidence as a sanction under Rule 37(c). *See e.g., Krause*, 459 F. Supp. 3d at 1270.

Here, the Court finds that there is no evidence of bad faith or willfulness related to Plaintiff's untimely disclosure of Mr. Curtis. Plaintiff admits that she only realized that it would be helpful to have a damages expert after she received Defendants' discovery requests in October of 2023. (Doc. 67 at 13). As noted above, her expert deadline was within this same month: October 9, 2023. (Doc. 22). At most, this mistake is just that—a mistake—not a deliberate bad faith tactic to gain an upper hand over Defendants. Thus, there is no evidence that the untimely disclosure of Mr. Curtis was in bad faith or willful.

## IV. Conclusion

Finding that Plaintiff's expert was untimely disclosed, the Court will narrowly reopen discovery for Defendant to retain a rebuttal expert, to depose these experts and to re-depose Plaintiff, at her expense as to Mr. Curtis' opinion, to cure any prejudice to Defendants. *See Holen v. Jozic*, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018). ("District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)). The Court, in its discretion, declines to implement the "harsh" sanction of exclusion—especially since such an exclusion could

hamstring Plaintiff's ability to prove the essential damages element of her claims.[4] *See Silvagni*, 320 F.R.D. at 243 ("Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery.") (citations omitted). [5]

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Sanctions (Doc. 65) is **DENIED**.

**IT IS ALSO ORDERED** that the following deadlines are set:

1. The deadline for Defendant's expert disclosures: September 20, 2024.
2. The deadline for rebuttal expert disclosures, if any: October 11, 2024.
3. The deadline to complete expert depositions: November 29, 2024.
4. The deadline to re-depose Plaintiff: December 20, 2024.

Dated this 20th day of August, 2024.

Honorable Diane J. Humetewa
United States District Judge

---

[4] Because the Court has decided to impose a lesser sanction here, it likewise declines to impose a sanction under Rule 16(f).

[5] Defendants also seek fees associated with this Motion. (Doc. 65 at 13). Because the Court is denying Defendants' Motion, found no bad faith or willfulness related to the untimely disclosure and is extending the discovery deadlines, it declines to award Defendants any fees related to this Motion for Sanctions. The Court also notes that it has, in its discretion, chosen to impose a "lesser" sanction upon Plaintiff: that she pay any fees or costs associated with her new deposition. Fed. R. Civ. P. 37(c)(1)(A).