**BURCH & CRACCHIOLO, P.A.**
1850 N. CENTRAL AVENUE, SUITE 1700
PHOENIX, AZ 85004
602.274.7611

Susanne E. Ingold, SBA #019143
singold@bcattorneys.com
Aaron M. Duell, SBA #033450
aduell@bcattorneys.com

*Attorney for Defendants Concentric Healthcare Solutions, LLC and Robert Bales*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenessa Dubey, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Concentric HealthCare Solutions LLC, an Arizona limited liability company, Robert Bales, an individual,<br><br>Defendants. | Case No.: 2:22-CV-02044-PHX-DJH<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 RE: TEXT MESSAGES BETWEEN PLAINTIFF AND STEPHANIE ABBOTT** |

Defendants Concentric Healthcare Solutions, LLC and Robert Bales (collectively, "Defendants"), through undersigned counsel, hereby move *in limine* to preclude Plaintiff from introducing her text message communications with Stephanie Abbott, who is a friend and former Concentric employee.[1] Plaintiff plans to introduce long strings of text messages, consisting of parts of Exhibit 2 (DUBEY00032-39) and Exhibit 25 (DUBEY000149-174), and Exhibits 3, 13, 16, 17, 19, and 24 in their entirety. These text messages should be excluded because they are classic hearsay—out of court statements offered to prove the truth of the matter asserted, without exception. *See* Fed. R. Evid. 801, 802. Each text message's probative value is significantly outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403.

---

[1]  Defendants' counsel certifies he conferred in good faith with Plaintiff's counsel on May 22, 2025 regarding the subject of the motion *in limine*, but that the parties were unable to reach an agreement. *See* Exhibit 9.

1

The exhibits Defendants seek to exclude are text messages between Plaintiff and her friend and coworker, Stephanie Abbott. In each of these communications, Plaintiff and Abbott discuss work issues. Each of Plaintiff's text messages are offered to prove the truth of the matter asserted.

For example, in Plaintiff's proposed trial Exhibit 2,[2] in reference to Robert Bales, Plaintiff states: "He instructed them all NOT to have one on one communications with me" *see* DUBEY00033, 36. She also states Bales is "[l]iterally preventing me from doing my job" and he "deactivated everything." TE 2 at DUBEY00034, 37, 38. In TE 3, Abbott states that Concentric "didn't give stef her last commission either," and Plaintiff states that's "illegal." *See* TE 3. In TE 16, Plaintiff is asked if she received her commission payment, to which she says "nope," and Abbott suggests she is owed another month of commissions. *See* TE 16. These are just a few of the examples of hearsay included in these text messages. To be clear, every page of text message includes hearsay without exception.

Even if a hearsay exception applies for some of the text messages, the probative value of this evidence is substantially outweighed by a risk of unfair prejudice to Defendants. *See* Fed. R. Evid. 403. Because Plaintiff is testifying at trial, Plaintiff can testify about the substance of the statements made in her text messages. However, if the Court admits Plaintiff's text messages, Abbott's reactions and out-of-court statements will also be admitted. Thus, because Plaintiff and Abbott's out-of-court statements are included on the same page, the jury will be able to consider both admissible and inadmissible statements.

To avoid this issue, the Court should exclude portions of TE 2 (DUBEY00032-39), TE 3, TE 13, TE 16, TE 17, TE 19, TE 24, and portions of TE 25 (DUBEY000149-174). Any substance of the text messages that Plaintiff desires for the jury to consider,

---

[2] To avoid confusion, Plaintiff's proposed trial exhibits ("TE") are numbered sequentially as attachments to this motion *in limine*. Thus, TE 2 is motion *in limine* exhibit ("MILE") 1; TE 3 is MILE 2; TE 13 is MILE 3; TE 16 is MILE 4; TE 17 is MILE 5; TE 19 is MILE 6; TE 24 is MILE 7; and TE 25 is MILE 8.

2

she can present through her own or Abbott's testimony. This eliminates the substantial risk that the jury will make a decision based on inadmissible evidence included in a text message.

**RESPECTFULLY REQUESTED** this 27th day of May 2025.

**BURCH & CRACCHIOLO, P.A.**

By: /s/ Aaron M. Duell
   Susanne E. Ingold
   Aaron M. Duell
   1850 N. Central Avenue, Suite 1700
   Phoenix, AZ 85004
   *Attorney for Defendants Concentric Healthcare Solutions, LLC and Robert Bales*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically transmitted this Motion to the District Court clerk's office using the CM/ECF System for filing and a copy was provided to the following:

Nathan M. Smith
nate@bnsklaw.com
Ryan Abbott
ryan@bnsklaw.com
Tim Lamoreaux
tim@bnsklaw.com
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 20280
Los Angeles, CA 90025
Tel. 310.593.9890
Fax 310.593.9980
*Attorneys for Plaintiff*

By: /s/ Angie Cañez