**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenessa Dubey, | No. CV-22-02044-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Concentric Healthcare Solutions LLC, et al., | |
| Defendants. | |

      Plaintiff and Defendants filed a Joint Motion to File under Seal the Parties' Joint Motion for Trial Continuance and Expedited Status Conference. (Doc. 137). The parties state that their Joint Motion for Trial Continuance contains highly sensitive medical information regarding one of the trial witnesses and, therefore, compelling reasons exist to allow leave to file the Motion under seal. (*Id.* at 1–2).

      The public has a long-standing, "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Mere allegations of confidentiality, "without any further elaboration or any specific linkage [to] the documents," do not satisfy this burden. *Kamakana*, 447 F.3d at 1184. Additionally, potential risk of "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to

seal [the] records." *Id.* at 1179.

Here, the Joint Motion for Trial Continuance is premised on the private medical matter of a critical trial witness for both parties. (Doc. 137 at 2). An individual's private medical information has been acknowledged as the sort of sensitive information that warrants sealing. *See Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017) (unpublished) ("The district court did not abuse its discretion in granting defendant's motion to file documents under seal because the documents contained sensitive medical information."); *see also Gopher Media LLC v. Melone*, 2024 WL 2835161, *1 (S.D. Cal. 2024) (finding good cause to seal an individual's medical record being used to demonstrate why they were unable to attend a mandatory settlement conference). Further, the witness's medical information is not at issue in these proceedings. *See Melone*, 2024 WL 2835161 at *1. Lastly, no party is opposed to sealing their Joint Motion. Therefore, leave to file under seal is appropriate here.

However, the parties filed a redacted version of their Joint Motion (Doc. 137-1), rather than a lodging an unredacted version in accordance with LRCiv. 5.6. Thus, the parties will need to refile their Joint Motion now that permission to seal has been acquired.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to file under Seal (Doc. 137) is **GRANTED**. The parties must file an unredacted version of their Joint Motion for Trial Continuance under seal by **9:00 a.m. on Monday, November 10, 2025**.

Dated this 7th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge