**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jenessa Dubey,

Plaintiff,

v.

Concentric Healthcare Solutions LLC, et al.,

Defendants.

No. CV-22-02044-PHX-DJH

**ORDER**

On February 26, 2026, Plaintiff Jenessa Dubey ("Plaintiff") filed a Motion for Attorney Fees and Expenses pursuant to A.R.S. § 12-349 (Doc. 183). Defendant Concentric Healthcare Solutions LLC ("Defendant") filed an Opposition (Doc. 196) to Plaintiff's Motion,[1] and Plaintiff thereafter filed a Reply (Doc. 206).

## I. Background

This matter stems generally from Plaintiff's employment with Defendant and subsequent termination. Plaintiff originally filed suit on December 1, 2022, and alleged the following claims against Defendant: Failure to Pay Wages; Sex-Based Discrimination in Violation of Title VII; Sexual Harassment in Violation of Title VII; Intentional Infliction of Emotional Distress ("IIED"); Negligent Infliction of Emotional Distress ("NEID"); Interference in Violation of the FMLA; Retaliation in Violation of the FMLA; and Termination in Violation of Public Policy (Whistleblower). (*See* Doc. 1).

Following discovery, Defendant filed a Motion for Partial Summary Judgment.

[1] Although Defendant Robert Bales was also a party to this action, Plaintiff's Motion is brought against only Defendant Concentric. (*See* Doc. 183 at 6).

(Doc. 81). The Court granted the Motion in part, dismissing Plaintiff's NEID, Retaliation under the FMLA, and Whistleblower claims, and the rest of the Motion was denied. (*See* Doc. 94 at 31). Plaintiff then proceeded to trial on her remaining claims.

A jury trial was held from February 3, 2026, to February 13, 2026, at the conclusion of which the jury found in favor of Plaintiff on her Failure to Pay Wages and IIED claims. (Doc. 175). The jury, therefore, awarded Plaintiff treble damages of $51,000 on her wage claim and damages of $32,000 on her IIED claim. (*Id.*) Punitive damages in the amount of $32,000 were also assessed against Defendant. (*Id.* at 7). After the close of trial, Plaintiff timely moved to recover her attorneys' fees. (Doc. 183).

**II. Discussion**

In the United States, generally, each party is responsible for paying its own attorneys' fees. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 602 (2001). Even a successful party does not recover attorney fees merely because it prevails in litigation. *See id.* To recoup attorney fees, a statute or other legal authority must explicitly authorize the award of fees. *See Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1018 (9th Cir. 1993). Therefore, a party seeking attorney fees must demonstrate: 1) that they are eligible for an award of fees, 2) that they are statutorily entitled to an award of fees, and 3) that the amount of fees they are requesting is reasonable. LRCiv 54.2(c).

Here, because neither of the claims Plaintiff prevailed upon authorizes an award of fees, Plaintiff's sole basis for attorney fees is A.R.S. § 12-349. (*See* Doc. 183 at 9). Defendant, however, argues that § 12-349 does not apply in federal court (*see* Doc. 196 at 3), and the Court agrees.

In pertinent part, A.R.S. § 12-349 reads as follows

> Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.
2. Brings or defends a claim solely or primarily for delay or harassment.
3. Unreasonably expands or delays the proceeding.
4. Engages in abuse of discovery.

A.R.S. § 12-349(A). Fees under the foregoing provision are awarded as a sanction against the offending litigant. *See Sierra Club v. Salt River Project Agric. Improvement and Power Dist.*, 563 P.3d 151, 164 (Ariz. Ct. App. 2025) (stating that the statute "allows for sanctions for actions that are not substantially justified").

The Ninth Circuit considered the propriety of an attorney fee award issued under § 12-349 in *In re Larry's Apartment, LLC*, 249 F.3d 832 (9th Cir. 2001). There, the district court and bankruptcy court imposed fees upon a party, citing A.R.S. § 12-349 as one of their bases for doing so. *Id.* at 837. On review, the Ninth Circuit reversed the fee award, determining that Arizona law should not have applied. *Id.* In so ruling, the court explained that "when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural." *Id.* at 838. Because A.R.S. § 12-349 is an Arizona sanction statute untethered to any substantive law, the lower courts erred in imposing fees under § 12-349. *Id.* at 840.

Since *Larry's Apartment*, courts in this District have routinely held that § 12-349 is an inapplicable sanctioning statute that does not provide grounds to award fees in federal court. *See*, *e.g.*, *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, 2014 WL 4722487, at *12 (D. Ariz. 2014) ("The Court finds the Ninth Circuit's analysis of the issue in *In re Larry's Apartment* both persuasive and binding on this District Court. Therefore, the Court finds that A.R.S. § 12–349 is inapplicable here."); *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, 2016 WL 4569122, at *10–11 (D. Ariz. 2016) (same); *Pacesetter Consulting LLC v. Kapreilian*, 2021 WL 4820485, at *4 (D. Ariz. 2021) (same); *Garcia v. JPMorgan Chase Bank NA*, 2018 WL 1570249, at *8 (D. Ariz. 2018) (same); *Stilwell v. City of Williams*, 2014 WL 1654530, at *3 (D. Ariz. 2014) (same). The Court reaches the same conclusion

here.[2] As Defendant correctly notes, "the Ninth Circuit has held that § 12-349 cannot serve as the basis for an award of sanctions by a federal court for litigation conduct occurring in federal court." *Pacesetter*, 2021 WL 4820485 at *4.

Although no further analysis on this issue is necessary, the Court will briefly address some of Plaintiff's arguments. Plaintiff did not discuss *Larry's Apartment* in her Motion; but Plaintiff, in her Reply, argues that § 12-349 does apply here because Defendant's misconduct occurred "before this lawsuit was filed," and "*Larry's Apartment* and its progeny do not analyze the issue of pre-litigation bad faith." (Doc. 206 at 7–8). Plaintiff asserts that "[Defendant's] bad faith in withholding Plaintiff's wages occurred before this lawsuit was filed." (*Id.* at 7). However, if Plaintiff's entitlement to fees under § 12-349 is based on Defendant's withholding of wages, then § 12-349 is still inapplicable because this action does not fall under one of those enumerated in the statute. *See* A.R.S. § 12-349(A)(1–4). Moreover, Plaintiff's "pre-litigation bad faith" argument is, on the whole, befuddling. This is because, to the extent any pre-litigation conduct is relevant to §12-349's considerations, such as a party's effort to inform itself of relevant facts before raising a defense, it is still a party's conduct during litigation that is sanctionable under § 12-349, so Plaintiff's argument holds little merit. Nothing in *Larry's Apartment* indicates that its holding is limited to conduct occurring at any particular stage of litigation, and the Court is not persuaded by Plaintiff's attempt to manufacture distinctions not provided for in the caselaw nor statute. A.R.S. § 12-349 concerns only attorney or party misconduct, and as stated in *Larry's Apartment*, it is therefore procedural, not substantive. 249 F.3d at 838.

Plaintiff's attempt to equate § 12-349 to Anti-SLAPP statutes is equally unavailing. There is no need to consider the Ninth Circuit's treatment of state Anti-SLAPP laws, when the Circuit has already determined that the at-issue statute here is procedural and does not

[2] The Court recognizes that, even after *Larry's Apartment*, several courts have still awarded fees under § 12-349. *See Sullivan v. U.S. Dep't of Health & Hum. Servs.*, 2016 WL 4592183, at *6 (D. Ariz. 2016); *Schmitt v. Marto*, 2019 WL 1059992, at *1 (D. Ariz. 2019). However, unlike *Larry's Apartment*, these cases are not binding on the Court. Further, both *Sullivan* and *Schmitt* awarded fees without any analysis of the applicability of § 12-349 or any mention of *Larry's Apartment*. Neither case compels the Court to reach a different conclusion.

provide grounds for awarding sanctions in federal court. Lastly, declining to apply § 12-349 does not create a "forum shopping" issue as Plaintiff claim. Section 12-349 was "enacted with the express purpose of reducing groundless lawsuits." *Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 934 P.2d 801, 808 (Ariz. Ct. App. 1997). Similarly, in federal court, "28 U.S.C. § 1927, among other statutes and rules, lets courts sanction parties for improper litigation conduct like frivolous arguments or harassment." *Mehr v. Cnty. of Orange*, 2011 WL 13267999, at *2 (C.D. Cal. Feb. 15, 2011), *aff'd*, 484 Fed. App'x. 162 (9th Cir. 2012). The conduct that §12-349 sanctions is, likewise, sanctionable in federal court just by different means, and thus no forum-shopping issue arises from declining to apply § 12-349.

Ultimately, the Court is required to follow binding Ninth Circuit precedent, such as *Larry's Apartment*. *See Hart v. Massanari*, 266 F.3d 1155, 1173 (9th Cir. 2001). Therefore, A.R.S. § 12-349 is inapplicable here.[3]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Expenses (Doc. 183) is **DENIED**.

Dated this 18th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[3] The Court notes that both Plaintiff and Defendant have pending Motions for Judgment as a Matter of Law in this case. (Docs. 198, 202). The Court will rule on these Motions by separate order. Should the outcome of these Motions entitle either party to attorney fees, the appropriate motion may be filed with the Court.